Geeen, J.
delivered the opinion of the court.
From the bill of exceptions, it appears, that Waite recovered a judgment against Dolby, in an action of detinue, for a mare, valued at one hundred and thirty-five dollars,, and ten dollars for damages for her detention. No distringas issued for the mare, but a fi. fa. was issued for the value of the mare, and damages, making one hundred and forty-five dollars. This execution was levied on the land in controversy, and at the sale of the land, the plaintiff in the execution became the pur- *409 «baser, and took a deed therefor from the sheriff; and upon the title so acquired, prosecutes his action of ejectment. Upon this point, the court charged the jury, “that the execution was irregular, that it might be superseded and quashed,, but that the irregularities were not of a character to make the execution and sale void; and that a sale by virtue of the execution would lie as valid as if it had strictly pursued the judgment.”
The jury found a verdict for the lessor of the plaintiff, and the defendant appealed to this court. It is stated by his Honor, in the charge above quoted, that the execution by virtue of which the land in controversy was held, was irregular; but that the sale made by virtue thereof, was valid. His Honor, doubtless used the word “irregular,” as synonymous with “erroneous” but the authorities hold that an irregular process is void, whereas erroneous process is voidable only. Parsons vs. Loyd, 3 Wilson’s R. 344; Woodcock vs. Bennet, 1 Cowen’s R. 711, 735; Read vs. Markle, 3 Jh. R. 523.
Whether in this case the execution be irregular, or erroneous only, is, in our opinion unimportant. If it be erroneous, or voidable only, it would be a sufficient protection to the sheriff; and a sale made under it to a stranger, would be valid. But if the party who sues out voidable process becomes the purchaser of property, levied on and sold by virtue of such process, he acquires no title by such purchase, as where the execution issued after the year and a day, without a sci. fa. the execution was held to be voidable only; and that the officer might justify under it; but it was no protection to the plaintiff in the execution. He acted as a wrong doer in suing it out, and is liable for the acts of the officer. Weaver vs. Cryer, 1 Dev. Law R. 337. Clay & Kesly vs. Carpenter, 1 Monroe R. 10. Jackson vs. Bartley, 8 Jh. R. 361. The case of Weaver vs. Cryer was an action of trover for cattle, levied on by virtue of aji. fa. that issued after a year and a day. The suit was against the officer and the plaintiff in the ji. fa., and the court *410 held, that the officer was protected; but the party that sued out the erroneousJi.fa. was liable to the action. In the case of Jackson vs. Caldwell, 1 Cowen’s R. 622, Mr. Justice Woodworth, p. 641, in reference to sales by virtue of voidable process says: “Whatever may be the rights of a lona Jide purchaser, without notice, it must be conceded that as between the parties, the judgment and execution are extinguished by payment. Consequently, Russell Clark, a plaintiff in one of the executions, who paid to the sheriff the amount of the other, and afterwards assumed the control of it, can never set up his purchase as maldng out a title. The action of ejectment, on the demise of Clark and his partners, against Edward C. Sanders, might have been successfully resisted, by proving payment of the judgments and executions under which the premises were sold.” And in the same case, at page 644, chief justice Savage says: “The same reasons of policy which secure to an innocent purchaser a valid title, do not exist when the judgment creditor becomes the purchaser; and it would be the height of injustice to allow the party, guilty of the irregularity, to take advantage of it,” Simonds vs. Catlin, 2 Caines, C. 61. These authorities, settle beyond question, the principle, that if a stranger, without notice, purchase under erroneous process, the sale will be valid; but if the plaintiff, or his attorney, purchase under such process, no title is thereby acquired to the property.
The only remaining inquiry is, whether the process, by virtue of which this land was sold was irregular, it was, to say the least, erroneous, the action of detinue is for the thing detained, and damages for detention; the value of the property is ascertained by the jury, and the judgment is in the alternative, for the sum so found as the value, in case the thing recovered cannot be had. In fixing this value, the practice is to render a verdict for the highest price, in order to enforce the delivery of the *411 thing. It is manifest from the form of the judgment, and the object in fixing the value, that a distringas for the thing recovered must be issued in the first instance. How can it be ascertained that the thing cannot be had, unless by the return of process, which had issued to obtain it? And the judgment for the money is conditional; if the thing cannot be had; therefore, if execution for the money issue, before it is ascertained by the return of a distringas, that the thing cannot be had, it is certainly erroneous, if not irregular, and void. It is often difficult to determine whether process be irregular, or erroneous only: but we are inclined to regard the execution in this case as irregular and void.
It is not like the case of the issuance of a fi. fa. after a year and a day without a sci.fa. In such case there is a regular judgment which authorises thefi.fabut by reason of the lapse of time, it is erroneous to take it out, until a sci.fa. has been issued to revive the judgment. But here, the judgment for the value of the mare, was, on condition the mare could not be had: until it was ascertained the mare could not be had, there was nothing in this judgment for the execution to rest upon.
But be this as it may, there can be no doubt but that the dis-tringas should first issue — until which, the issuance of thefi. fa. was unlawful. This being the case, the defendant in error acquired no title by his purchase of the land, though the sale might have been valid had a stranger purchased: 1 Ten. Rep. 222. Reverse the judgment and remand the cause for another trial.